IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOHN ALLEN BRECKLES, <br> Institutional ID No. 02366546, <br><br> Plaintiff, <br><br> v. <br><br> Fields, *et al.*, <br><br> Defendants. | § § § § § § § § § § § | Civil Action No. 1:22-CV-00019-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff JOHN ALLEN BRECKLES, currently incarcerated at Texas Department of Criminal Justice ("TDCJ") Beto Unit, brought this lawsuit under 28 U.S.C. § 1983, alleging violations of his constitutional rights by numerous state officials. *See* Dkt. No. 1. Breckles originally filed his Complaint in the Eastern District of Texas, and his claims arising at the Middleton Unit in Abilene, Texas, were severed and transferred to the Northern District of Texas, Abilene division. *See* Dkt. No. 4.

Upon transfer to the Abilene division, the Court granted Breckles permission to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary screening measures under 28 U.S.C. § 1915(e)(2). Dkt. No. 11. And because Breckles brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A. The case was transferred to the undersigned to conduct the screening required by those statutes. Dkt. No. 12. At this stage of the proceedings, Breckles is the only party and has not consented to proceeding before the undersigned.

Based on the record now before the Court, and for the reasons stated below, the undersigned recommends that Breckles's complaint be dismissed *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

## I.  DISCUSSION AND ANALYSIS

On April 27, 2022, the Court issued an order requiring Breckles to file an amended complaint stating his claims against TDCJ Middleton Unit officials Warden Williams, Officer Fields, and Officer Santos. Dkt. No. 13. Breckles was ordered to complete and file the Amended Complaint by May 25, 2022. Breckles failed to respond, and so the Court issued a Show Cause Order for Breckles to explain his failure to respond and complete the questionnaire. *See* Dkt. No. 15. As of the date of this Order, Breckles has yet to respond to either the Order to Replead or the Show Cause Order.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b), *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate. While Breckles has not shown purposeful delay or contumaciousness, his failure to follow the orders of the Court contravenes instructions provided in the Court's previous orders in this case. In the Court's Notice to Pro Se Party (Dkt. No. 7), Order to Replead (Dkt. No. 13), and Order to Show Cause (Dkt. No. 15), Breckles was admonished that failure to comply with the Court's orders could result in dismissal. Further, the Prisoner's Civil Rights Complaint instructions warn litigants, in all-caps typeface, that failure to briefly and plainly state the facts supporting a claim may cause the complaint to be struck. Breckles has failed to respond to the Court's orders, and this case cannot proceed without his compliance. The Court is not required to delay the disposition of this case until such time as Breckles decides to comply with the Court's orders.

## II. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Judge DISMISS *sua sponte* Breckles's Complaint and all claims therein without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits, unless otherwise specified").

### III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### VI.  TRANSFER OF CASE

Having completed the preliminary screening of Breckles's claims under 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:22-CV-00019-H.

ORDERED this 6th day of July, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE